UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2003 DEC 31 P 2:

U.S. DISTRICT COURT
HARTFORD, CT.

| | | |
|---|---|---|
| United States of America, | : | Docket No: 3:03CV00709(CFD) |
| Plaintiff, | : | |
| v. | : | |
| Carson Wright, | : | |
| Defendant. | : | |

## AMENDED COMPLAINT

The United States of America, a body politic and sovereign, acting herein by the United States Attorney for the District of Connecticut, complains and says:

1. That this action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. Section 1345.

2. That the defendant, Carson Wright is a resident of the District of Connecticut.

3. That the defendant is indebted to the plaintiff in the principal amount of $2,982.62, plus interest on this principal computed at the rate of 13.238% per annum in the amount of $3,782.21 as of November 12, 2003, until the date of judgment. See Exhibit "A" attached hereto and incorporated herein.

Demand has been made upon the defendant by the plaintiff for the sum due but the amount due remains unpaid.

Wherefore, the plaintiff demands judgment against the defendant for the total of $6,764.83, which includes cost, plus interest at 13.238% per annum on the principal of $2,982.62 that has accrued from November 12, 2003, to the date of judgment.

- 2 -

Plaintiff further demands, pursuant to 28 U.S.C. Section 1961, that interest on the judgment be at the legal rate until paid in full.

Dated at New Haven, Connecticut on November 12, 2003.

                UNITED STATES OF AMERICA

                KEVIN J. O'CONNOR
                UNITED STATES ATTORNEY

                CHRISTINE SCIARRINO
                ASSISTANT U.S. ATTORNEY
                POST OFFICE BOX 1824
                NEW HAVEN, CONNECTICUT 066510
                (203) 821-3700
                FEDERAL BAR NO: ct03393



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Program Support Center

Rockville, Maryland 20857

## AMENDED CERTIFICATE OF INDEBTEDNESS

Carson Wright
50 Gillett Street, #A4
Hartford, CT 06105
SSN: 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
REF: 7-80000053

**Total debt due United States as of September 8, 2003: $6,694.52 (principal $2,982.62, interest $3,711.90).**

I certify that the Department of Health and Human Services' records show that the debtor named above is indebted to the United States in the amount stated above. Interest accrues on the principal amount of this debt at the weighted average interest rate of 13.238% per annum. The daily interest amount accrues at $1.09 per day.

On February 27, 1993, as a medical student at the University of Osteopathic Medicine and Health Sciences, you applied for a scholarship award through the National Health Service Corps (NHSC) Scholarship Program (42 U.S.C. 294t-y, redesignated as amended 42 U.S.C. 254l, m-q), U.S. Public Health Service, the Department of Health and Human Services.

On September 30, 1993, you received a scholarship award for the period July 1, 1993, to June 30, 1994. In addition, you received a continuing scholarship award for the period July 1, 1994, to June 30, 1995. You received funds totaling $60,481.00 representing tuition, fees, stipends, and other reasonable costs.

These awards were made upon the condition that you serve in the full time clinical practice of your profession as a commissioned officer in the Regular or Reserve Corps of the Public Health Service, or as a civilian member of the Corps in a health manpower shortage area designated under Section 332 of the Public Health Service Act (PHS Act). You were to serve one year of obligated service for each year of scholarship support, or 2 years, whichever is greater.

Following your graduation, you were granted a three-year conditional deferment of your service obligation to pursue a residency in family practice at Downstate Medical Center. Upon completion, you were required to begin serving your two-year obligation on July 1, 1998. On November 10, 1998, you were granted a suspension of your obligation through September 1, 1999, in order to retake your licensure exam.

In a letter dated May 4, 2000, you were notified that because you had not matched to a vacancy during the Early Decision Alternative Phase, you had been assigned to the Arnold Memorial Medical Center in Jonesport, Maine. You were advised to contact the Boston Field Office within five (5) days and that if you failed to do so, you would be recommended for default.

On June 13, 2000, you were placed in default for failing to contact the Field Office regarding your site assignment. Therefore, you were in breach of your NHSC Scholarship contract. The resultant debt created by your failure to fulfill your service commitment became due on June 13, 2001.

Exhibit A

**PAGE 2 - CERTIFICATE OF INDEBTEDNESS - CARSON WRIGHT**

The law requires [42 CFR 62.10(c)] that:

> Pursuant to 42 U.S.C. 254o(b)(1), if a participant fails, for any reason, to begin or complete the period of obligated service, the participant must pay the United States damages equal to three times "φ" (where "φ" equals the scholarship amounts paid to or on behalf of the participant and the interest on such amounts, as if they were loans bearing interest at the maximum legal prevailing rate), proportionately reduced by the percentage of the period of obligated service performed by the participant. Payment of the damages shall be made within 1 year of the date the participant failed to begin or complete the period of obligated service, as determined by the Secretary. 42 C.F.R. 62.10(c).

On August 30, 2000, you were notified that you had been placed in default of the conditions of your NHSC Scholarship Contract. You were provided instructions for entering into a repayment agreement (RA), and advised that a good faith payment should accompany your proposed monthly repayment amount.

By letter dated August 1, 2001, you were notified that your account had been referred to OSI Collection Services for collection. You were advised that your account would be referred to the U.S. Department of Justice (DOJ) if you failed to either remit payment in full or enter into a RA. You did not make any payments, nor did you respond.

In a letter dated October 9, 2001, you were notified of the DHHS' intent to refer your debt to other Federal agencies for the purpose of administrative offset under the Debt Collection Improvement Act of 1996. You were advised that a written response, a RA, or payment in full received within sixty (60) days from the date of the letter would terminate administrative offset action. You did not respond.

On July 15, 2002, you were given a final notice regarding your debt. You were advised that failure to make full or partial payment within sixty (60) days would result in your account being referred to the Department of Treasury for offset, consumer reporting agencies, a private collection agency, or the DOJ for enforced collection.

As you had neither submitted a request for an RA or forbearance agreement, nor made any payments on your debt, your debt was referred to the U.S. Department of Justice for collection on April 2, 2003.

After a complaint was filed against you by the U.S. Department of Justice, you submitted documentation relating to your claim that you had fulfilled your NHSC Scholarship Program obligation through employment at the Charter Oak Terrace/Rice Heights Health Center in Hartford, Connecticut, from November 17, 1999 through November 16, 2001. After investigating your claim, the NHSC determined that you satisfied 718 days of your 2-year (731-day) service obligation. Accordingly, the amount owed to the United States is equal to three times the total scholarship award (plus interest), proportionately reduced for 718 days of service performed.

The amount due should be remitted promptly by check, draft or money order(s) payable to the "Department of Justice" and mailed directly to the United States Attorney, District of Connecticut, Connecticut Financial Center, 157 Church Street, 23rd Floor, New Haven, CT 06510.

## PAGE 3- CERTIFICATE OF INDEBTEDNESS - CARSON WRIGHT

**CERTIFICATION:** *Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.*

SEP - 8 2003
Date

Barry M. Blum
Chief, Referral Control Section
Debt Management Branch